## No. 9960.

### THE INDUSTRIAL COMMISSION OF COLORADO, ET AL. v. THE COLORADO FUEL AND IRON COMPANY.

Decided January 10, 1921.

Proceeding under the workmen's compensation act. Judgment limiting compensation for non-resident dependents to $1000.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Non-resident Dependents.* Under sec. X, chap. 155, S. L. 1917, not to exceed $1,000 shall be paid to non-resident dependents in any case, regardless as to the number of them, times of payment, or whether under original or subsequent awards.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. VICTOR E. KEYES, Attorney General, Mr. JOHN S. FINE, Assistant, for plaintiffs in error.

Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for defendant in error.

MR. JUSTICE SCOTT delivered the opinion of the court.

IN this case the Industrial Commission found that Sil-

vano Hernandez, an employe of the Colorado Fuel and
Iron Company, was killed by an accident arising out of and
in the course of his employment, on the 2nd day of Novem-
ber, 1918; that at the time of his death he left his widow,
Maria Hernandez, a daughter, Josephino Hernandez, and
a son, Manuel Hernandez, both of which children were
minors; that the widow and daughter, at the time of the
death of the employe, resided in the Republic of Mexico,
and the son resided in the city of Pueblo, Colorado. The
Commission further found that the said widow and minor
children were wholly dependent upon the deceased for
support.

An award was made upon the basis of $2,500.00. The
minor son who resided in Colorado was awarded one-third
of this sum, or $833.33. The widow and daughter were
awarded jointly one-third of the remainder, or one-third
of $1,666.67, to wit, $555.56, under the limitation of the
statute in case of foreign dependents.

The minor son died on January 8, 1919, with the sum of
$807.88 of the award to him remaining unpaid. The wid-
ow remarried on the 2nd day of May, 1919, and the unpaid
portion of the award to her lapsed under the statute.

The Commission then awarded to Josephino, the infant
daughter residing in Mexico, the total of the lapsed and
unpaid portions of the awards theretofore made to the
widow and son in the total sum of $1,363.44, less certain ex-
penses provided by the statute.

Appeal was had from this award to the District Court
where judgment was rendered reducing the total amount
of this award to the dependent, Josephino, to the sum of
one thousand ($1,000) dollars, less the sum awarded in
the first instance, as provided by the statute. Error and
cross error are assigned.

The sections of the act of 1917 applicable are as follows:

"V. In case of remarriage of a spouse without children,
he or she shall receive a lump sum settlement equal to
one-half of the amount of compensation remaining unpaid.
This amount shall be paid to such spouse within sixty days

after written notice to the Commission of such remarriage. In case of remarriage of a spouse who has dependent children, the unpaid balance of compensation, which would otherwise become due to such spouse shall be paid to such children.

"VII. (1) Questions as to who constitute dependents and the extent of their dependency, shall be determined as of the day of the accident to the injured workman, and their right to death benefits shall become fixed as of said time irrespective of any subsequent change in conditions, and the death benefits shall be directly payable to the dependent or dependents entitled thereto, or to their legal representatives.

(2) When a right to death benefits shall have become fixed, it shall cease upon the happening of any one of the following contingencies:

(a.) Upon the marriage of the spouse, with the exception as to lump sum settlement, as hereinbefore provided.

(b.) When a child reaches the age of eighteen years, unless such child at such time is physically or mentally incapacitated from earning.

(c.) Upon the death of any dependent. *Provided, however,* that in any case where the share of any dependent shall lapse, it shall survive to the remaining dependents.

"X. Death benefits under this act to dependents who are non-residents of the United States shall be one-third of the amount which a dependent who is a resident of the United States might receive; *Provided,* that in no event shall death benefits to dependents who are non-residents of the United States exceed the aggregate sum of one thousand dollars."

It is clear that under Section VII of the act, upon the death of the son, the unpaid amount of the award to him should be paid *pro rata* to the widow and daughter, subject to the limitation provided by section X. And under section V, upon the marriage of the widow, being at a later date, the unpaid portion of the award to her, was required

to be paid to the surviving daughter, subject to the same limitations.

Section X limits the sum to be paid to a non-resident of the United States to one-third of the amount to be paid to a resident dependent, and provides that "in no event shall death benefits to dependents who are non-residents of the United States exceed the aggregate sum of one thousand dollars." It is plain that by this language it was intended that not to exceed one thousand dollars was to be paid to non-resident dependents in any case, regardless as to the number of them or as to the times of payment, or whether under the original or subsequent awards.

It is contended by the Commission that this limitation applies only to the original award. This construction cannot be sustained.

It is contended by the defendant company that the amount must be limited to one-third of the unpaid sum, that is to say, one-third of the sum of $807.89 still due under the award to the son, or $269.30. This is equally erroneous.

The District Court held that in this case the one thousand dollar limitation only applied, and that the daughter, Josephino, residing in Mexico, was entitled to receive from the unpaid awards the sum of one thousand dollars less the sum of $555.55, being the amount theretofore awarded to the widow and daughter.

We think this is the only reasonable construction to be given to the statute considered in its entirety, and the judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE BURKE concur.