No. 21758.

MARY E. BORQUEZ, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF ERNEST BORQUEZ, JR. *v.* JOHN BURBANK TRUCKING, STATE COMPENSATION INSURANCE FUND; AND INDUSTRIAL COMMISSION OF COLORADO.

(433 P.2d 767)

Decided November 20, 1967

Robert Leland Johnson, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error, Industrial Commission of Colorado.

Fred B. Dudley, Francis L. Bury, Feay B. Smith, Jr., for defendants in error, John Burbank Trucking, and State Compensation Insurance Fund.

*In Department.*

Opinion by Mr. Justice McWilliams.

Ernest Borquez, a truck driver, was injured on March 15, 1962 in an accident which arose out of and in the course of his employment with the John Burbank Trucking Co. As a result of this accident Borquez made claim for workmen's compensation benefits.

Apparently Borquez returned to work on or about March 26, 1962, although he continued to complain of injury to his back. Thereafter, hearings were held on December 12, 1962 and April 24, 1963 in connection with Borquez' claim that he had suffered permanent partial disability in the aforementioned accident. These two hearings culminated in a finding by the referee that Borquez was disabled only seven days and that he had not sustained any permanent partial disability in the accident. Accordingly, the order of the referee was that the State Compensation Insurance Fund pay only the necessary medical, surgical and hospital expense incurred by Borquez as a result of said accident, such sum not to exceed $1,500. No review of this order was sought by Borquez.

On November 4, 1963 Borquez filed a petition to reopen his claim, alleging that his physical condition had become worse. On November 29, 1963 the Industrial Commission granted this petition to reopen and set the

matter for hearing on December 11, 1963. Hearing was held on December 11, 1963, at the conclusion of which the matter was "held open" to permit Borquez to obtain "further medical examination." On December 18, 1963 Borquez underwent a laminectomy, and he was released from the hospital one week later.

On January 27, 1964 Borquez was killed in an automobile accident which was unrelated to any employment. As of the date of his death, as a result of the aforementioned operation Borquez was receiving temporary total disability benefits, under an admission of general liability filed by the Fund.

On February 13, 1964 Mary Borquez, Ernest's widow, on behalf of herself and Ernest Borquez, Jr., a son of the deceased, filed with the Commission a "Dependent's Notice and Claim for Compensation." Hearing on this motion was held on April 21, 1964. Thereafter on June 19, 1964 the referee entered an order that the Fund pay Ernest's widow compensation at the rate of $40.25 per week to and including January 25, 1967, the date of Ernest's death, "and that the case should be closed for any further action."

Mary Borquez then filed a petition for review of the aforementioned order of the referee and the Commission, upon review of the matter, approved the order thus entered by the referee. A second petition for review was then filed with the Commission. This petition was denied, whereupon Mary Borquez sought judicial review of the award thus entered by the Commission.

In response to the complaint which was filed by Mary Borquez in the district court against the John Burbank Trucking Co., the Fund and the Commission, the aforesaid defendants tendered to the trial court the record as theretofore made before the Commission. The defendants also moved to dismiss on the ground that the trial court lacked jurisdiction over the subject matter.

Upon hearing the trial court granted the defendants' motion to dismiss and accordingly entered a judgment

of dismissal. By writ of error Mary Borquez now seeks a reversal of the judgment thus entered.

We elect not to resolve this controversy on any procedural ground. Accordingly, we shall proceed at once to the heart of this controversy, which is essentially a matter of law, and therefore presents an issue which we may now resolve even though it was not the basis for the action taken by the trial court. Plaintiff's position, as we understand it, is that by virtue of C.R.S. 1963, 81-11-13(c) she is now entitled to a death benefit, namely a portion "of the unpaid and unaccrued permanent partial disability which the employee would have received if he had lived."

█ █ The defendants suggest that a careful reading of the aforementioned statute clearly indicates, however, that this statute comes into play only if there has been a permanent partial disability award by the Commission *prior* to the death of the employee. This statute, according to the defendants, has no application where, as here, the employee dies *before* there has been any determination that he is even entitled to any permanent partial disability benefits. Our study of this statute convinces us that in this regard the defendants are correct and that the construction of the statute urged upon us by Mary Borquez is improper.

*Employers' Co. v. Industrial Com.* 89 Colo. 475, 3 P.2d 1079 presents a somewhat analogous situation. There, as here, the injured employee was on temporary total disability benefits at the date of his death and, as in the instant case, his death was not the result of any industrial accident. Unlike the instant case, however, there the injured employee "would have sustained a 100% loss of the left leg measured at the knee joint as his permanent disability." In the instant case we will never know whether Ernest Borquez, had he not met his unfortunate death in an automobile accident on West Sixth Avenue, would ever have been awarded

permanent partial disability benefit, and if so, the amount thereof.

In *Employees Co. v. Industrial Com. supra*, the Commission ordered that the insurance carrier make certain funeral benefit. payments "out of the compensation monies due for permanent disability." This order upon review was approved by the trial court. In reversing the trial court, we stated:

"The purpose of the act is to cast upon the particular industry the burden resulting from accidental injuries sustained by its employees while performing duties arising out of and in the course of their employment. It was not intended to compensate employees for injuries or illness not due to their employment; or to pay benefits to their dependents when death results from such injuries or illness; or to pay the medical, hospital, funeral or other expenses incurred by reason of such injuries, illness or death. In such case, however, it is not unreasonable to pay such dependents, or, where there are no dependents, to pay on account of such expenses, *any unpaid installments or compensation that may become due and payable to the employee during his lifetime, under a disability award made during his lifetime.* This is the purpose of section 57, a part of which is quoted above." (Emphasis added.)

The judgment of the trial court, which *in effect* approved the award of the Commission, is therefore affirmed.

MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.