No. 23262.

The Industrial Commission of Colorado and the Claimants in the matter of the death of Albert J. Tintle *v.* Employers' Liability Assurance Corporation and Martin W. Fortman.

(456 P.2d 739)

Decided July 14, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Zarlengo, Mott and Carlin, Leonard V. Carlin, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

An interpretation of several related sections of the Workmen's Compensation Act relative to death benefits is involved in this writ of error.

Claimants, a widow and minor child, are admittedly entitled to the statutory maximums under the pertinent sections of the statute relating to them. The question posed herein for our determination is: What disposition shall be made of an award to a son of the decedent who has attained his eighteenth birthday, which event results in the termination of benefits as to him?

The following are the pertinent statutes:

"C.R.S. 1963, 81-11-1. Persons presumed wholly dependent. — (1) For the purposes of this chapter the following

described persons shall be conclusively presumed to be wholly dependent:

(2) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support;

(3) Minor children of the deceased under the age of eighteen years * * *.

"1965 Perm. Supp., C.R.S. 1963, 81-11-3. Death benefits. — In case of death the dependents of the deceased entitled thereto shall receive as compensation or death benefits sixty-six and two-thirds per cent of the deceased employee's average weekly wages, not to exceed a maximum of forty-nine dollars per week and not less than a minimum of eleven dollars and fifty cents per week for a period not to exceed six years from the date of the death of the injured employee, * * *. Except that where any of the dependents are wholly dependent children, * * *, the compensation or death benefits above provided shall be increased by three dollars and fifty cents per week for each such child, not to exceed a total of three children, and the maximum weekly payment in such cases shall be fifty-nine dollars and fifty cents.

"C.R.S. 1963, 81-11-5. Dependency and extent determined, how. — (1) Dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employee and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions and such death benefits shall be directly payable to the dependents entitled thereto or to such person legally entitled thereto as the commission may designate.

"C.R.S. 1963, 81-11-6. Termination of right to benefits. — Death benefits shall terminate upon the happening of any of the following contingencies and shall thereupon survive to the remaining dependents, if any: Upon marriage; upon the death of any dependent; when a son

or brother of the deceased reaches the age of eighteen years, * * *.

"C.R.S. 1963, 81-11-15. Commission to determine and apportion benefits. — Death benefits shall be paid to such one or more of the dependents of the decedent for the benefit of all the dependents entitled to such compensation as may be determined by the commission who may apportion the benefits among such dependents in such manner as it may deem just and equitable * * *."

Pursuant to the power invested in the Commission under section 81-11-15, *supra*, and applying the formula provided in section 81-11-3, the Commission awarded to the dependent widow (converting the weekly payments into one monthly payment) the sum of $243.44 per month. This was calculated on an award of $213.44 per month for the "sole use and benefit of herself and two minor children," and $3.50 per week additional for each child (also converted into $15 per month for each child). The insurance carrier was ordered to deposit $15 per month in a savings account for the minor daughter Karen, and $15 per month in a savings account for the minor son David. The Commission then totaled the payments to the three dependents over the six-year maximum period provided by section 81-11-3, and ordered the monthly payments to be made until the sum of $17,528 be paid.

The payments were ordered to commence on October 3, 1965. Four months later, on February 10, 1966, the son David became eighteen years of age. Thus, as provided in section 81-11-6, *supra*, the benefits of $15 per month payable to David were terminated by Commission order. However, the Commission further ordered that the $15 per month allotted to David be added to the $15 already being received by Karen, and that a total of $30 per month be deposited in the savings account in Karen's name.

The defendants in error, employer and insurance carrier, filed with the Commission a petition for review of its order, contending that the $15 per month to David

terminated, and that only the $213.44 per month payable for the use and benefit of the widow and the remaining minor child, and the $15 per month ordered to be paid specially to Karen's savings account survive. In denying the petition for rehearing the Commission held that David's *share* survived to the remaining dependents. The Commission is empowered under 81-11-15 to apportion the benefits "as it may determine" and as it "may deem just and equitable," so if the share does survive, it is contended, the payments originally allotted to David can, in the Commission's discretion, be paid to Karen's account.

On appeal to the district court it was there held that the Commission erred and that the payments to David terminated. The court further held that the payments due the widow and the remaining minor are limited over a stated number of weeks (not to exceed six years). The judgment of the court ordered the Commission to delete from its award the provision for payment of David's share into Karen's savings account. That judgment is the basis of the writ of error brought by the Commission and the claimants.

This is the first time since 1923, when section 81-11-6 was amended, that this court has been called upon to interpret the section. It is contended by the claimants that in the reading thereof it can be interpreted no other way other than to say that on the happening of any of the contingencies (in this case a son reaching the age of eighteen years) the benefits awarded to the one whose benefits terminate shall survive to the remaining dependents under such apportionment as the Commission shall determine. As authority for the Commission action the precedent of *Industrial Commission of Colorado v. Colorado Fuel and Iron Corporation,* 69 Colo. 524, 195 P. 114, is relied upon quite heavily.

That case does not support the decision of the Commission for two significant reasons. Firstly, the statute upon which the decision was predicated, section 10, chapter 155 of the 1917 Session Laws, at page 557, was

amended by the Session Laws of 1919 and 1923. The change was not a minor one but, on the contrary, was quite significant. In the 1917 statute, after providing for termination of death benefits upon the happening of the same contingencies as now provided, there was added the explicit language: "Provided, however, that in any case where *the share* of any dependent shall lapse, it shall survive to the remaining dependents." (Emphasis added.)

In section 58, chapter 210 of the 1919 Session Laws, p. 722, the provision for *the share* of the dependent surviving to remaining dependents was limited to one contingency, to wit, upon the death of the dependent. Then in 1923 the present law was enacted in which all reference to the *lapsed share* to the remaining dependents was deleted. In lieu thereof we find the following language:

"Death benefits shall *terminate* upon the happening of any of the following contingencies and shall thereupon survive to the remaining dependents." (Emphasis added.) We hold that the later statute cannot be read to mean exactly the same thing as the former laws of 1917 and 1919 wherein the language was very explicit in providing that the lapsed or terminating *share* would survive to the remaining dependents. The 1923 change provided merely for the survival of *death benefits* to the remaining dependents. In this case then — giving full meaning to the statute as now existing — the death benefits awarded to the widow and child ($213.44 per month) and to Karen ($15 per month) survive. Or if the mother should remarry, the $213.44 per month would survive to the one child for the number of months remaining in the six-year maximum plus her own additional $15 per month benefit. This is so because the sixty-six and two-thirds per cent of the deceased's salary ($213.44 in this case) is payable to those wholly dependent upon the deceased regardless of number — one, two or ten. So such benefits survive as provided by statute. To hold

that other additional benefits were intended would be to ignore a significant change in explicit language. If it had not been intended by the legislature to make some change, there would have been no reason to repeal the provisions specifically providing for the lapsed *share* to go to the remaining dependents.

Secondly, the real holding in *Industrial Commission of Colorado v. Colorado Fuel and Iron Corporation, supra,* supports the finding of the trial court that the payment of David's share to Karen would exceed the maximum benefits to which Karen is entitled by law. In the *Colorado Fuel and Iron* case the shares of the deceased child and the mother who became ineligible for further benefits were in excess of the limitations then imposed by statute upon the benefits payable to an alien dependent. The court held that regardless of the language providing for the share of surviving dependents to other dependents the payments could not in any event exceed the statutory maximum.

■ With reference to the case at bar, the sections concerning death benefits provide for an award of sixty-six and two-thirds per cent of the deceased employee's average weekly wage *for six years,* plus *$3.50 per week* for *each child* up to three as the maximum which can be awarded under the act. Therefore, all that one child, under the section, is entitled to receive is $3.50 per week for six years, or a total of $1,080. To award David's *share* to Karen would increase her maximum amount to $7 per week ($30 per month) and would increase her total award to $2,085, a sum clearly not authorized by statute. This was the basis of the trial court's ruling, and was correct.

■■ It is fundamental that the Workmen's Compensation Act must be construed to give effect to every clause so as to give it a consistent and harmonious whole. Not only every section, but every paragraph, sentence, clause, phrase or word must be given meaning, if it is at all possible to do so. The right of compensation can

pass to surviving dependents only if it is consistent with other terms of the statute. The maximum for a widow and one minor child provided by statute, calculated on sixty-six and two-thirds per cent of the wages paid, plus the allowance for one minor would be $16,520. The Commission's order to pay David's share to Karen increases the award for this widow and one child to $17,528, the same as though there were still two minor children involved.

The statute is given more harmonious, as well as full, effect by holding that the benefits to the widow and to Karen, as previously determined only, survive. It requires no straining of interpretation to so find.

The judgment is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES dissent.