500 P.2d 1186 (1972)
CLAIMANTS in the Matter of the Death of Ray HAMPTON, Petitioners,
v.
DIRECTOR OF the DIVISION OF LABOR IN the DEPARTMENT OF LABOR AND EMPLOYMENT of the State of Colorado et al., Respondents.
No. 71-432.
Colorado Court of Appeals, Div. II.
July 5, 1972.
Rehearing Denied August 9, 1972.
Cashen, Cheney & Johnston, Thomas F. Cheney, Montrose, for petitioners.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., for respondents Director, Division of Labor, Dept. of Labor and Employment of the State of Colo., and Industrial Comm. of Colo.
Alious Rockett, Feay Burton Smith, Jr., Richard E. Moss, Denver, for respondents State Compensation Insurance Fund and Empire Spring and Shock Service, Inc.
Selected for Official Publication.
*1187 COYTE, Judge.
This is an appeal from a final order of the Industrial Commission of Colorado dated October 19, 1971, denying a claim for death benefits filed by dependents of Ray Hampton.
Ray Hampton received a leg injury on April 15, 1961, in an accident arising out of and in the course of his employment with Empire Spring and Shock Service, Inc. Initially medical expenses were paid, but he lost no compensable time from work. Phlebitis developed in his leg from a deep-seated thrombus and, upon a petition to reopen his case, a referee of the Commission entered an order on May 24, 1963, awarding compensation for temporary total disability from May 25, 1962, through July 8, 1962, but finding that he had no permanent partial disability. No appeal was taken from this order. Hampton's condition worsened, but, in response to a letter of inquiry from Hampton's doctor dated April 10, 1968, the Commission replied that it no longer had jurisdiction to consider Hampton's claim because more than six years had expired since the accident. Hampton died on October 28, 1968, and his widow filed a Dependent's Notice and Claim for Compensation on October 27, 1969, which, after a hearing, was denied by a referee on March 18, 1971. Upon review the Commission affirmed and adopted the referee's order in its final award on October 19, 1971.
Although the referee found that Hampton's death was directly attributable to his injury, that his wages resulted in a maximum weekly benefit of $40.25, and that his widow and minor daughter were his dependents under the Workmen's Compensation Act, he concluded that dependents' rights are derivative in nature, taking the form of a survival action, and therefore, pursuant to the statute of limitations in C. R.S.1963, 81-14-19, which precluded further consideration of Hampton's claim, the Commission had no jurisdiction to award benefits to his dependents. Finding no Colorado statute or cases directly on the issue, he based his conclusion on cases imposing statutory penalties on dependents' benefits where the employee's death was caused by violation of a safety rule or by intoxication and on the following statement in Industrial Commission v. Employers' Liability Assurance Corp., 169 Colo. 396, 456 P.2d 739: "The right of compensation can pass to surviving dependents only if it is consistent with other terms of the statute."
The claimants contend that dependents' rights arise from, and at the time of, the accident, but are subsequently independent from those of the employee; thus they conclude that C.R.S.1963, 81-14-19, is not applicable. We find the claimants' line of reasoning to be consistent with the provisions and purpose of the Workmen's Compensation Act and reverse the order of the Commission.
Since there are no benefits payable to dependents during an employee's life, dependents must assert their rights by claiming benefits within one year after the employee's death. 1969 Perm.Supp., C.R.S. 1963, 81-13-5(2). General conditions of recovery set forth in C.R.S.1963, 81-13-2, require that the employer and employee be subject to the Act at the time of the accident, that the accident arise out of and in the course of his employment, and that the injury or death be proximately caused by the accident. Regarding the latter, C.R.S. 1963, 81-13-4, provides for a reduction in the amount of compensation when the employee's improper conduct was also a proximate cause of the injury, and C.R.S.1963, 81-11-10, creates a rebuttable presumption that the death was not due to the injury where death occurs more than two years after the date of injury. In addition to the above, dependents must also prove their dependency on the employee and that such dependency has not been terminated by the dependent's marriage, death, or attainment of age eighteen. C.R.S.1963, 81-11-6.
The Workmen's Compensation Act is to be liberally construed to accomplish its beneficent social and protective purpose. *1188 University of Denver v. Industrial Commission, 138 Colo. 505, 335 P.2d 292.
". . . [C]ompensation legislation is a system of benefits one of whose independent social objectives is to prevent destitution among dependents of workmen who lose their lives in industrial activity. There is nothing in such legislation to give the slightest support to a suggestion that the widow `derives' her rights through a valid `cause of action' belonging to her husband at the time he died." 3 A. Larson, Workmen's Compensation Law § 78.62.
The Workmen's Compensation Act does not include the employee's entitlement to benefits as a prerequisite to dependents' entitlement nor does the Act provide for termination of the dependents' rights for any act or failure to act by the employee subsequent to the accident. Where the statute is explicit, we cannot add to or take from it. Employers' Mutual Insurance Co. v. Industrial Commission, 70 Colo. 229, 199 P. 483. The omissions indicate that the dependents' rights are independent and distinct from those of the employee. Further indication of the independent nature of the relationship is found in C.R.S.1963, 81-11-8, which states that the dependents are not parties in interest to any action by the injured employee during his lifetime.
As a consequence of the independent nature of dependents' right, the employee's release or waiver of his rights does not bar his dependents' subsequent claim for death benefits. Viersen & Cochran Drilling Co. v. Ford, 425 P.2d 965 (Okl.); American Steel Foundries v. Industrial Commission, 361 Ill. 582, 198 N.E. 687. This result has been reached in all but one of the jurisdictions in which the question has arisen. Annot., 101 A.L.R. 1410. It has also generally been held that the employee's failure to claim his benefits within the statutory time limit does not affect the rights of his dependents. Ingalls Shipbuilding Corp. v. Dependents of Harris, 187 So.2d 886 (Miss.); Parks v. Winkler, 199 Pa.Super. 224, 184 A.2d 124; Wray v. Carolina Cotton & Woolen Mills Co., 205 N.C. 782, 172 S.E. 487; O'Esau v. E. W. Bliss Co., 186 App.Div. 556, 174 N. Y.S. 739.
In view of the provisions and the purpose of our statute and the logic followed by the majority of states deciding the issue, we hold that the rights of the claimants arose at the time of the accident and were subsequently independent of those of Hampton. Thus, the statute of limitations applicable to Hampton's claim did not bar dependents' claim, and the Commission erred in failing to assert jurisdiction with regard to it.
The case is reversed and remanded with directions to enter an award consistent with the findings of fact of the Commission.
ENOCH and PIERCE, JJ., concur.