**No. C-1436**

**In the Matter of the Claim of Clark Dick (Deceased) v. Industrial Commission of the State of Colorado, The Director of The Industrial Commission of the State of Colorado, Climax Uranium Company, and The State Compensation Insurance Fund of the State of Colorado**

(589 P.2d 950)

Decided January 29, 1979.

Richard W. Hughes, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Timothy R. Arnold, Special Assistant, for respondent Industrial Commission of the State of Colorado.

Charles J. Traylor, David McKinley, for respondent Amax Uranium Corporation.

Robert S. Ferguson, William J. Baum, for respondent State Compensation Insurance Fund.

*En Banc*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The court of appeals, by a memorandum opinion announced October 22, 1977, affirmed the Industrial Commission's denial of a petition to re-open a claim for disability benefits filed by claimant's widow and administratrix. We granted certiorari and now affirm.

On May 22, 1972, Clark Dick filed a claim for permanent total disability due to lung cancer incurred in the course of and arising out of his employment as a uranium miner. On January 21, 1973, while the above claim was pending before the Industrial Commission, Clark Dick died of lung cancer. Thereafter, Fannie Dick, widow of the deceased, filed a claim on behalf of herself and her nine children for dependents' benefits arising out of the death of Clark Dick.

On October 1, 1973, Fannie Dick was appointed administratrix of the estate of her deceased husband by order of the Navajo Tribal Court of Shiprock, New Mexico. As administratrix, Mrs. Dick pursued both the

disability claim of her deceased husband and that for dependents' death benefits. On April 7, 1976, the referee awarded death benefits to the widow and the children. The Industrial Commission affirmed the award; it is now final and is not an issue in this appeal. The sole issue is whether the dependents are entitled to recover the disability benefits which the deceased may have been entitled to during his life, but which were not reduced to an award prior to his death.

Section 8-50-105(2), C.R.S. 1973, is the controlling statute. It provides:

"In case an employee or claimant entitled to compensation dies leaving dependents, any *accrued and unpaid* portion of the compensation or benefits up to the time of the death of such employee or claimant shall be paid to such dependents as may be ordered by the director and not to the legal representative as such of said decedent." (Emphasis added).

■ The court of appeals held that the interpretation of the italicized language in the above statute controlled the resolution of the issue before them. That court relied on *Employer's Mutual Insurance Company v. Industrial Commission,* 89 Colo. 475, 3 P.2d 1079 (1931), and *Borquez v. Burbank Trucking,* 164 Colo. 217, 433 P.2d 767 (1967), in reaching its decision. In *Employer's Mutual,* the phrase "accrued and unpaid," as used in the statute, was held to mean "due and payable." Consequently, a widow's or dependent's recovery of disability compensation was held to be dependent on whether an award had been entered *prior* to the employee's death. Since, in this case, an award had not been entered, the court of appeals affirmed the denial of compensation of the Industrial Commission. We adhere to that ruling.

■ The claimant relies in part on the Colorado survival statute[1] in support of her argument that the disability claim survives the death of the injured employee. We hold that the survival statute is not applicable. Without going into the several facets of the issue, we believe the Workmen's Compensation Act governs and negates the survival concept.

■ Section 8-50-105(2), C.R.S. 1973, upon which the claimant must rely for relief, in addition to requiring that the compensation must be "accrued and unpaid," also provides that any benefits "shall be paid to" the dependents and "not to the legal representative as such." The legal representative, in an action at law which survives under the statute in question, stands in the place of the decedent. The Workmen's Compensation Law negates this. It provides different but specific benefits for the widow, children and other dependents. Section 8-50-103, C.R.S. 1973.

■ In other relevant provisions, we find that the dependent has no interest in the claim of an injured employee during his lifetime. Section 8-

---

[1] Section 13-20-101, C.R.S. 1973.

50-108, C.R.S. 1973.[2] *See Hampton v. Director of Division of Labor,* 31 Colo. App. 141, 500 P.2d 1186 (1972). Section 8-52-107 provides the compensation claims are not assignable. The general rule is that a claim that is not assignable does not survive the death of the claimant. *Home Ins. Co. v. Railroad Co.,* 19 Colo. 46, 34 P. 281 (1893); Annot., 87 A.L.R. 864 (1933).

■ The Workmen's Compensation Act creates two distinct rights — one for the benefit of the workman; the other for the benefit of his dependents. Unfortunately, some of the benefits which probably would have been awarded to Clark Dick had he lived did not "accrue," so they were lost.

The judgment of the court of appeals is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.

MR. JUSTICE CARRIGAN dissenting:

I respectfully dissent.

The majority opinion's narrow construction of section 8-50-105(2) defeats the beneficent remedial and protective purposes the Workmen's Compensation Act was designed to achieve. *James v. Irrigation Motor and Pump Co.,* 180 Colo. 195, 503 P.2d 1025 (1972); *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967); *Martin Marietta Corp. v. Faulk,* 158 Colo. 441, 407 P.2d 348 (1965). I cannot agree with such a result.

The legislature has not stated, nor did it intend, that dependents are entitled only to the accrued and unpaid portion of compensation benefits *already awarded.* If we are to maintain the liberal interpretation of the Act this Court has repeatedly followed in the past, we should not write into the statute a requirement that benefits, claimed by one whose death is the only factor precluding his collecting them, cannot be paid to his widow and children absent their formalization into an "award." *Idardo Mining Co. v. Barnes,* 148 Colo. 166, 365 P.2d 36 (1961); *University of Denver v. Industrial Comm'n,* 138 Colo. 505, 335 P.2d 292 (1959); *Industrial Comm'n v. Johnson,* 64 Colo. 461, 172 P. 422 (1918). The majority opinion enthrones form over substance while frustrating the well understood policy of workmen's compensation. Moreover it amounts to holding that the dependents' recovery of compensation to which the workman was entitled prior to his death is contingent upon circumstances beyond their control: the condition of the Industrial Commission's hearing docket and

---

[2] "No dependent of an injured employee, during the life of the employee, shall be deemed a party in interest to any proceeding by him for the enforcement of any claim for compensation . . . ."

its promptness in resolving cases. This practice squares with neither reason nor justice.

Even in the face of statutory language that could have been literally interpreted to prevent a dependent's recovery in the absence of an award, many courts, recognizing the beneficent purpose of workmen's compensation, have refused to construe their statutes narrowly and thus have reached a result opposite to that reached by the majority here. *Reed v. Industrial Comm'n,* 104 Ariz. 412, 454 P.2d 157 (1969); *Greenwood v. Luby,* 105 Conn. 398, 135 A. 578 (1926); *State Dept. of Motor Vehicles v. Richardson,* 233 Md. 534, 197 A.2d 428 (1964); *Cureton v. Joma Plumbing and Heating Co.,* 38 N.J. 326, 184 A.2d 644 (1962); *Snyder v. Wickwire Spencer Steel Co.,* 277 App. Div. 233, 98 N.Y.S.2d 1006 (1950); *City of Milwaukee v. Roth,* 185 Wis. 307, 201 N.W. 251 (1924).

In my view the majority opinion has construed the term "accrued," as used in section 8-50-105(2), far more narrowly than could have been intended by the authors of this legislation. Once an employee has contracted a disease for which the statute authorizes compensation, and the normal procedures to claim benefits have commenced, the accrual of a workman's right to compensation should keep pace with the calendar. Of course the amount of compensation ultimately due cannot be precisely calculated until the date of his death becomes known, but the other operative facts are available. Compensation he has "earned" through his work-related illness should not be forfeited at his death. It remains "accrued" and "unpaid" in the sense those words are used in the statute. Forfeiture at his death compounds the problems of those the statute intended to benefit. The contrary majority construction is not only harsh and unjust, it defeats the General Assembly's intent to protect the workman and to prevent destitution of his dependents. *Finnerman v. McCormick,* 499 F.2d 212 (10th Cir. 1974); *Frohlick Crane Service, Inc. v. Mack,* 182 Colo. 34, 510 P.2d 891 (1973); *University of Denver v. Nemeth,* 127 Colo. 385, 257 P.2d 423 (1953); 3 *A. Larson, Workmen's Compensation Law* § 78.62.

Barring the workman's dependents' right to recover his disability benefits because of his fortuitous death prior to the entry of a final award may tempt some employers and their insurers to delay resolution of claims involving illnesses likely to be fatal such as the job-related cancer here. Delay is victory.

The law should not allow an employer or his insurer to reap a windfall from an employee's death. This is especially true in Colorado, where, as an involuntary trade-off for the employee's workmen's compensation benefits, the covered employee's spouse and children are deprived of the ordinarily much greater damages in a wrongful death action against the employer. Sections 8-42-102 and 8-43-103, C.R.S. 1973.

I am authorized to state that MR. JUSTICE PRINGLE and MR. JUSTICE ERICKSON join in this dissenting opinion.