The ESTATE OF Elvin J. HUEY, by the Personal Representative of that Estate, Joan HUEY, Petitioner,

v.

No. 91CA0034.

Colorado Court of Appeals, Div. III.

Aug. 29, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Granted Feb. 10, 1992.

Lawrence J. Simons, Pueblo, for petitioner.

Paul Tochtrop, Denver, for respondents J.C. Trucking, Inc., and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge DUBOFSKY.

The estate of Elvin J. Huey, claimant, seeks review of a final order of the Industrial Claim Appeals Panel determining that respondents, J.C. Trucking, Inc., and Colorado Compensation Insurance Authority, were not liable for workers' compensation benefits that accrued prior to claimant's death but were not awarded by the Administrative Law Judge (ALJ) until after his death. We affirm.

Claimant was injured at work in 1988 and died in 1989 of an unrelated cause. The following year, the ALJ awarded medical and temporary total disability benefits to claimant's estate. The Panel set aside the ALJ's order on the ground that the benefits were not due and payable at the time of the claimant's death.

■ Petitioner argues that, at least as to those losses that were known and owing at time of claimant's death, i.e., medical bills and total temporary disability, such damages had accrued and are not controlled by *In re Claim of Dick v. Industrial Commission*, 197 Colo. 71, 589 P.2d 950 (1979). The petitioner implicitly argues that, consonant with the holding in *Mastro v. Brodie*, 682 P.2d 1162 (Colo.1984), both the decedent's and the estate's entitlement to these losses accrued when both the cause of the act and the resulting injury occurred. Petitioner further argues that, as noted in 2 A. Larson, *Workmen's Compensation Law* § 58.42 (1989), numerous jurisdictions have decided that a decedent's estate is entitled to workers' compensation benefits, even if they were not formally awarded before his death.

While there is merit to petitioner's argument, we are compelled under *In re Claim of Dick* to reject petitioner's contention that claimant's estate is entitled to benefits that accrued prior to claimant's death.

The applicable statute in effect at the time of claimant's injury, now codified at § 8–41–503(2), C.R.S. (1990 Cum.Supp.), provides that: "[I]n case an employee or claimant entitled to compensation dies leaving dependents, any *accrued and unpaid* portion of the compensation ... shall be paid to such dependents...." (emphasis added) The phrase "accrued and unpaid" means "due and payable." *In re Claim of Dick v. Industrial Commission, supra.* Thus, the court in *In re Claim of Dick* held that compensation which had not been *awarded* prior to claimant's death was not recoverable by his parents. In light of this holding, and because we conclude that the losses claimed here come within the scope of the *In re Claim of Dick* decision, we affirm the Panel's ruling.

■ Furthermore, since a disability claim does not survive the death of a claimant, the Colorado survival statute, § 13–20–101, C.R.S. (1987 Repl.Vol. 6A), is inapplicable to workers' compensation claims. *In re Claim of Dick, supra.*

Since benefits were not due and payable at the time of claimant's death, the benefits to which he would have been entitled may not be awarded to his estate.

Order affirmed.

RULAND, J., concurs.

TURSI, J., dissents.

Judge TURSI, dissenting.

In light of the patently unjust and unreasonable result that is reached here by a mechanistic application of *In re Claim of Dick v. Industrial Commission*, 197 Colo. 71, 589 P.2d 950 (1979) to § 8–41–503(2), C.R.S. (1990 Cum.Supp.), I cannot agree that the Panel's order must be affirmed.

I would hold that the *Dick* construction violates the requirements of § 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B) (in enacting a statute, it is presumed that a just and reasonable result is intended). As the dissent in *Dick* so cogently stated, compensation earned in a work-related injury should not be forfeited at death; rather, if entitlement is there, it is indeed accrued and unpaid.

Further, § 2–4–101, C.R.S. (1980 Repl. Vol. 1B) states that words and phrases are to be read in context and construed accord-

ing to common usage. Also, words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, should be construed accordingly.

In *Black's Law Dictionary*, p. 19 (5th ed. 1979), it is stated that: "A [claim] accrues when a [claim] may be maintained thereon." *See also Webster's Third New International Dictionary*, p. 13 (a cause of action has accrued when the right to sue has become vested).

Here, there can be no serious question that the medical expenses and benefits awarded to the dependents of Mr. Huey had accrued and were unpaid prior to his death. Therefore, I would set aside the order of the Panel and remand with directions to reenter the award to Mr. Huey's dependents of the medical costs and disability benefits that had accrued but remained unpaid at the date of his death in accordance with the award of the Administrative Law Judge.