EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY v. EMPIRE NATIONAL BANK AND TRUST COMPANY.[1]

October 12, 1934.

No. 29,931.

[1]Reported in 256 N. W. 663.

*Orr, Stark, Kidder & Freeman,* for appellant.

*Kerr, Nelson, O'Neill, Mohan & Dudley,* for respondent.

*LORING, Justice.*

Appeal from an order of the district court of Ramsey county sustaining a demurrer to plaintiff's complaint.

One George Chartier, an employe of Siems, Helmers & Schaffner, Inc., while engaged in the performance of his duties, under a contract of employment with the Siems company, received injuries which resulted in his death. Both the employer and the employe had, prior to Chartier's death, elected to come under the provisions of part II of the workmen's compensation act of this state. The employer was insured against loss under the act with the plaintiff company.

Chartier left surviving him his wife, Elizabeth, who made application for compensation. A stipulation between the widow, Siems, Helmers & Schaffner, Inc., and the plaintiff herein was entered into whereby the plaintiff, as insurer, agreed to pay to the widow the sum of $7,500 less some payments made prior to the stipulation. It was further agreed that the present value of the balance then due the widow, computed at four per cent, should be deposited with the National Exchange Bank of St. Paul to be held in trust by that bank and paid to the widow at the rate of $78 per month until the full amount was paid. The industrial commission approved the agreement and further ordered:

"That the unpaid balance of compensation due the above named dependent Elizabeth Chartier, consisting of the sum of $7,248.00 (that sum of $252 having heretofore been paid) *be paid in one lump sum* calculated at its present value on a 4% basis or the sum of $6,251.61. That the said sum of $6,251.61 be deposited with the

National Exchange Bank of the city of St. Paul as trustee and that said trustee pay to the above dependent, Mrs. Elizabeth Chartier, the sum of $78 on the 15th day of each and every month until the total sum of $6,251.61 together with interest accumulations thereon at the rate of 4% making in all a total sum of $7,248 shall have been paid, or until the further order of this commission; and that upon filing of receipts evidencing the payment of said sum of $6,251.61 as hereinbefore directed, the employer and insurer to be released from all further payment of compensation subject to the provisions of the workmen's compensation law of the state of Minnesota." (Italics ours.)

Plaintiff, pursuant to this stipulation, deposited with the named trustee the amount specified, and payment to the dependent widow was made each month for about three years, until she died. At the time of her death the defendant, as successor to the National Exchange Bank, had remaining in the trust fund $4,338. Several years later the plaintiff was advised of Elizabeth Chartier's death. Demand for the return of the balance of the trust fund was made of defendant by plaintiff and was refused. This action was then commenced.

It is the contention of the plaintiff: (1) That the general purpose of the workmen's compensation act is that compensation payment is to be made to no one except the injured employe or his dependents; (2) that the general purpose of the act is at all times to protect the employe against the diversion of any compensation payments provided by the act; (3) that the payments made to Mrs. Chartier from this fund were compensation payments under the act and that upon her death the balance of the fund reverted to the employer and insurer, who had established the fund, since the right of compensation did not survive her death.

The case is one of first impression in this state. No authorities directly in point are cited to us, and none can be found. The cases in which survivability of the right to compensation upon the death of the person entitled to the award has been in question have all been determined according to the provisions of the several state

acts. It seems, however, to be quite uniformly held that where an injured workman, who is receiving compensation due to an injury, dies from causes other than the injury, his right of compensation terminates with his death, and his heirs are entitled only to the amount of instalments accumulated during his lifetime. Tierney v. Tierney Co. 176 Minn. 464, 223 N. W. 773. Plaintiff contends that the cited case is determinative of the one at bar. The question here presented is not the same. We agree that if Mrs. Chartier had been receiving uncommuted compensation payments for the death of her husband directly from plaintiff upon her death the plaintiff would have been relieved of further liability.

1 Mason Minn. St. 1927, §§ 4285-4286, provides as follows:

"4285. The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments only by order of the commission and on such terms and conditions as the commission may prescribe.

"In making such commutations the lump sum payments shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six percent basis.

"4286. At any time after the amount of any award or *commutation* has been finally determined by the commission, a sum equal to the present value of all future installments of the compensation calculated on a six percent basis may (where death or the nature of the injury renders the amount of future payments certain) by leave of the commission, be paid by the employer to any savings bank or trust company of this state to be approved and designated by the commission, and such sum, together with all interest thereon, shall, thereafter, be held in trust for the employe or the dependents of the employe, who shall have no further recourse against the employer. The payment of such sum by the employer, evidenced by receipt of the trustee, filed with the industrial commission, shall operate as a satisfaction of the compensation liability as to the employer. Payments from said fund shall be made by the trustee in the same amounts and at the same time as are herein required of the employer until said fund and interest shall be exhausted, except-

ing as the commission shall otherwise order. In the appointment of the trustee, preference shall be given, in the discretion of the industrial commission, to the choice of the injured employe or the dependents of the deceased employe, as the case may be." (Italics ours.)

It is to be noted that the beneficiary or the injured employe may exercise a preference as to what trust company shall act for him.

We agree with plaintiff's contentions that the act does not favor lump sum settlements and that it is the purpose of the act to avoid the diversion of compensation payments; yet there are instances when a lump sum settlement is more equitable and works to the advantage of the beneficiary, the employer, and insurer. For this reason the legislature wisely incorporated § 4285 in the act. Section 4286 supplements § 4285 by providing a means to prevent diversion or dissipation of the fund by the beneficiary or the employe. Payment to a trustee under § 4286 is none the less a lump sum settlement as contemplated by § 4285, and the character of the settlement is not changed merely by payment to a trustee rather than directly to the beneficiary so that the commission may retain jurisdiction over the fund for the purpose of seeing that it is properly administered. The order of the commission commuted liability to a lump sum and so refers to it. Further liability of the employer immediately ceased upon the payment to the trustee, and the rights of the beneficiary and the employer were finally determined. The employe must look entirely to the fund in the hands of the trustee for compensation. The employer was relieved of making the periodic payments. The commutation has been achieved, a lump sum settlement accomplished, and the beneficiary is entitled to the whole sum, in which neither the employer nor the insurer has any further interest than in case of a lump sum paid directly to the employe. There was no obligation on the part of the employer to enter into this agreement. It must have felt that there was some advantage in such a settlement.

Under ordinary circumstances the loss of earnings of an injured employe is uncertain, and the act provides for periodic payments of compensation during disability for a limited period. The periodic

payments of compensation work to the advantage of the employer because of the uncertainty of the disability period and are contingent upon the employe's recovery, death from other causes, or the expiration of the statutory limitation period. Where, however, death results from the injury, the rights of the parties are clearly ascertainable in case dependency seems certain to continue, and the liability of the employer can be made certain. The legislature must have had this in mind when drafting §§ 4285-4286. The parenthetical clause contained in § 4286 is indicative of this intent.

Plaintiff further contends that since the trust fund is not assignable it does not survive. Under some circumstances survivability and assignability of things in action are convertible terms. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 564. It has, however, been held and, we think, correctly, that where a statute for some special purpose forbids assignment survivability of the right is not thereby affected. As said in Monson v. Battelle, 102 Kan. 208, 210, 170 P. 801, 802, where an action was brought and a lump sum judgment recovered against the employer by an injured workman under the workmen's compensation act:

"The final argument against the right of revivor, is that because the judgment is not assignable it does not survive the death of the plaintiff. It is true that as a rule causes of action which are not assignable do not survive. But a judgment based on a nonsurviving cause of action ordinarily does survive and does so in this state, notwithstanding the pendency of an appeal. Moreover, while as a rule causes of action which are not assignable do not survive, this is because of qualities that inhere in the nature of the right. Where the statute for some special purpose, as the protection of a claimant against improvidence, forbids assignment, nonsurvivability does not necessarily result therefrom. * * * We hold that if the assignment was invalid the revivor was properly made in the name of the administratrix."

There is no reversion of the balance of the fund to appellant under 2 Mason Minn. St. 1927, § 8097, since plaintiff is not the creator of a trust as contemplated by that section.

Affirmed.