**A. E. BREWER, Appellant,**

v.

**Foster CAUDILL, Administrator for the Estate of Pete Millich, Deceased, Appellee.**

Court of Appeals of Kentucky.

June 20, 1958.

J. W. Craft, Jr., Hazard, for appellant.

Clark Pratt, Hindman, C. W. Napier, Hazard, for appellee.

CAMMACK, Judge.

This action was instituted by the appellee, Foster Caudill, administrator of the estate of Pete Millich, against the appellant, A. E. Brewer, to recover compensation which had been awarded to Millich by the Workmen's Compensation Board following our decision in Brewer v. Millich, Ky., 276 S.W.2d 12. The compensation sought to be recovered had accrued from the date of Millich's injury in October 1951 until his death from an unrelated cause in December 1955. This appeal is from a judgment which awarded the appellee the sum of $5,184 plus medical and hospital expenses of $503.55. These sums were in accord with the Board's award.

The appellant contends that he was entitled to a summary judgment because the right to recover unpaid compensation is not a vested one, and thus the appellee as administrator of the Millich estate had no cause of action against him.

Pete Millich was 66 years old when he was injured in 1951. He died from heart trouble in December 1955 at the age of 70, leaving no known dependents. In September 1955 the Board awarded Millich compensation of $24 per week from the date of his injury for a period of 10 years, plus medical expenses not to exceed $2,500. No payments had been made under this award at the time of Millich's death.

The only question for us to decide is whether a compensated decedent's administrator may recover accrued compensation when his decedent died intestate leaving no dependents. We have found no Kentucky case in which this question has arisen and the compensation statutes are silent on the point.

The appellant argues vigorously that by exempting compensation and claims therefor from claims of creditors, KRS 342.180, and by making compensation payable to living workmen and their dependents or the *dependents* of deceased workmen, KRS 342.070 through KRS 342.090, the Legislature eliminated any claim like the instant one. The case of State ex rel. Rowland v. Industrial Commission, 126 Ohio St. 23, 183 N.E. 787, 87 A.L.R. 862, is cited in support of the appellant's argument. The Rowland Case involved both statutory and constitutional limitations upon compensation-limitations with which we are not confronted.

Our statute limits compensation after death from a compensable injury to dependents of the compensated or qualified decedent, but is silent as to what should be done with accrued compensation payments upon the death of a compensated employee who had no dependents. Generally such installments are held to constitute assets of the decedent's estate in the absence of any provision to the contrary. 58 Am.Jur., Workmen's Compensation, section 578. Non-assignability provisions like those contained in KRS 342.180 would not necessarily prevent the recovery of accrued compensation by an administrator. Employers' Mut. Liability Ins. Co. v. Empire Nat. Bank & Trust Co., 192 Minn. 398, 256 N.W. 663, 95 A.L.R. 250. See also 58 Am.Jur., Workmen's Compensation, section 582. In allowing recovery by the appellee the trial court treated the unpaid accrued compensation as an asset of Millich's estate. We believe this ruling was correct.

Judgment affirmed.