VERA CURETON, ADMINISTRATRIX OF THE ESTATE OF JOHN ROBINSON, DECEASED, PETITIONER-APPELLANT, v. JOMA PLUMBING & HEATING CO., RESPONDENT-RESPONDENT.

Argued September 11, 1962—Decided October 9, 1962.

*Mr. Leonard J. Felzenberg* argued the cause for the petitioner-appellant (*Messrs. Roskein, Kronisch, Felzenberg & Mandell,* attorneys; *Mr. Leonard J. Felzenberg* on the brief).

Mr. *Joseph T. Ryan* argued the cause for the respondent-respondent (*Messrs. Lamb, Langan & Blake,* attorneys; *Mr. Joseph T. Ryan* on the brief).

The opinion of the court was delivered by

PROCTOR, J. This is a workmen's compensation case. John Robinson, the original petitioner, met with a compensable accident on May 30, 1959, while in the employ of the respondent. He received temporary disability payments from the respondent until June 29, 1959, when he returned to work. On July 28, 1959 Robinson filed a claim petition for permanent disability compensation. The respondent filed an answer and the matter was pretried in the Workmen's Compensation Division on November 23, 1959.

The pretrial memorandum admitted all jurisdictional elements and limited the issues to the nature and extent of the disability. The memorandum included the reports of both Robinson's and the respondent's medical examiners, who evaluated Robinson's partial permanent disability at 10% and $2\frac{1}{2}$% respectively.

On January 4, 1960, before the matter was tried in the Workmen's Compensation Division, Robinson died intestate from a cause unrelated to his compensable injury. He left no statutory dependents (*N. J. S. A.* 34:15–13(g)) and had not received any payments on account of his permanent disability.

Robinson's only surviving next of kin were two sisters, one of whom, Vera Cureton, is the present petitioner. On June 24, 1960 she filed an "Affidavit of Next of Kin in Lieu of Administration Where Real and Personal Estate Does Not Exceed $1,500" with the Surrogate of Essex County, pursuant to *N. J. S.* 3A:6–6. The affidavit stated that Robinson's estate consisted of the following asset: "Claim for Workmen's Compensation in the sum of $400." With the filing of the consent of the other sister, Vera Cureton became entitled to receive the personal assets of the decedent "without administration or entering into a bond." *N. J. S.* 3A:6–6.

Thereafter, she was substituted in this action as the party petitioner.

The petitioner sought to recover those payments for permanent disability which had accrued, but had not been paid, to Robinson from the end of the period for temporary disability payments to the date of his death. In addition, she sought the statutory funeral allowance (*N. J. S. A.* 34:15–12(e)) of up to $400 from the remaining amount due after his death.

The Workmen's Compensation Division dismissed the petition on the ground that the cause of action abated upon the death of Robinson with no surviving dependents. The Essex County Court affirmed.

On petitioner's appeal to the Appellate Division, the court held that the claim for compensation payments abated upon the death of Robinson without statutory dependents, but that the petitioner was entitled to an allowance for funeral expenses pursuant to *N. J. S. A.* 34:15–12(e). Since the respondent conceded Robinson's permanent disability was 2½% of total, and therefore the full award for compensation would exceed the statutory maximum of $400 for funeral expenses, the matter was remanded to the Division for entry of judgment for the petitioner in that amount. 71 *N. J. Super.* 249 (1962). The petitioner sought certification, which we granted. 37 *N. J.* 89 (1962).

On this appeal, the petitioner urges that, as personal representative of the decedent Robinson, she is entitled to have the Workmen's Compensation Division enter an appropriate award for Robinson's permanent disability. She contends that, in addition to a funeral allowance, any part of such award which represents compensation payments for the period up to Robinson's death should survive to her as his personal representative. The respondent does not contest the allowance for funeral expenses, but argues that the claim for compensation payments abated at the death of Robinson without surviving dependents. Respondent contends that the Workmen's Compensation Act is intended for the benefit

of employees and their dependents only, and payment of compensation to the personal representative of the deceased workman is beyond the scope of the act.

■ A major objective of our Workmen's Compensation Act is to provide an employee, when he suffers a work-connected injury, with a speedy and efficient remedy for loss of wages and the permanent impairment of his physical capabilities. It recognizes that many employees are without sufficient means to sustain themselves either during the period of temporary disability or thereafter if the injury results in a permanent lessening of physical capacity. Clearly, the legislative purpose is to create benefits which will issue promptly according to the schedules in the statute. After the seven-day waiting period, *N. J. S. A.* 34:15–14, payments are to be made for the duration of temporary disability and, immediately thereafter, *N. J. S. A.* 34:15–16, for any permanent disability. *Moore v. Magor Car Corp.*, 27 *N. J.* 82 (1958). As we said in that case:

> "The basic idea was to avoid the disaster that delay might bring to the workman and his family, or the loss of self-respect that the necessity of appeal for public relief might visit upon them. *Compensation was to be a benefit earned. It was to be a matter of right and not of grace or related in any way to the dole.*" At *page* 85. (Emphasis added)

■ The workman's right to the compensation benefits which he has "earned" comes from his employment contract, whose terms include the provisions of the Workmen's Compensation Act. *New Amsterdam Casualty Co. v. Popovich*, 18 *N. J.* 218, 226 (1955). When he has sustained a work-connected injury within the terms of that contract and the waiting period has passed, he immediately becomes entitled to compensation, subject only to determination as to amount and duration. This may be accomplished either through direct agreement with the employer, *R. S.* 34:15–50, or by a determination of the Workmen's Compensation Division. *R. S.* 34:15–20.

 The workman's right to receive weekly compensation payments extends for the full scheduled period (subject to increase or decrease in extent of incapacity, *N. J. S. A.* 34:15–27) unless, of course, the workman's death ends the need for continued financial aid to him. In such a case, the right to the payments which would have accrued after the workman's death dies with him in the absence of a specific statute preserving such a right. *Erie Railroad Co. v. Callaway,* 91 *N. J. L.* 32 (*Sup. Ct.* 1917). However, a claim for compensation payments which accrued but were not paid at the time of the workman's death is a vested right which he has earned, and therefore it becomes an asset of his estate. In *Roney v. Griffith Piano Co.,* 4 *N. J. Misc.* 31, 131 *A.* 686 (*Essex C. P.* 1925), affirmed *sub nom. Griffith Piano Co. v. Court of Common Pleas,* 4 *N. J. Misc.* 837, 134 *A.* 922 (*Sup. Ct.* 1926), the employer appealed from an award for compensation to the workman Roney. During the pendency of the appeal to the Court of Common Pleas, Roney died and the employer thereafter urged that there was no person to whom any compensation could be properly paid. Roney's widow was not a party to this proceeding. In rejecting the employer's contention, Judge (later Justice) Porter said:

"The authorities cited in support of this view do not sustain that contention. On the contrary, the law is settled that the personal representative of the deceased is entitled to the compensation which had accrued up to the date of death of the petitioner." 4 *N. J. Misc.,* at *p.* 33.

The above holding is in accord with the overwhelming weight of authority. *Inman v. Meares,* 247 *N. C.* 661, 101 *S. E. 2d* 692 (*Sup. Ct.* 1958), and cases cited therein; see also 58 *Am. Jur., Workmen's Compensation,* § 578; Annotations: 15 *A. L. R.* 821; 24 *A. L. R.* 441; 29 *A. L. R.* 1426; 51 *A. L. R.* 1446; 87 *A. L. R.* 864; 95 *A. L. R.* 254. As Dean Larson puts it in his authoritative treatise:

"Accrued but unpaid installments are, of course, an asset of the estate [of the workman], like any other debt." (Citing cases.) 2 *Larson, Workmen's Compensation Law*, § 58.40, *n.* 64.

The Appellate Division said:

"Next of kin, who are not dependents as defined in the statute, and creditors of the decedent are not the intended beneficiaries of workmen's compensation payments which an employer must make without regard to fault." 71 *N. J. Super.*, at *p.* 254.

But, if the payments which accrued during Robinson's lifetime had been paid to him before his death, there is nothing in the act which would have prevented him from disposing of them to any persons he wished, including his creditors or his next of kin who were not dependents. There is no reason, therefore, why these payments should not be part of his estate after his death. See *Parker v. Industrial Commission*, 87 *Utah* 468, 50 *P. 2d* 278 (*Sup. Ct.* 1935); *Greenwood v. Luby*, 105 *Conn.* 398, 135 *A.* 578, 51 *A. L. R.* 1443 (*Sup. Ct. Err.* 1926).

 Respondent argues that because *R. S.* 34:15–29 makes a compensation claim nonassignable, it therefore does not survive the death of the claimant. However, the statutory prohibition against assignments was intended solely for the protection of beneficiaries under the act. *Renshaw v. U. S. Pipe & Foundry Co.*, 30 *N. J.* 458, 465 (1959). Where, as here, compensation claims are made nonassignable in order to protect the beneficiaries, the test of assignability cannot be invoked to determine whether such claims survive the death of the original claimant. *Heuchert v. State Industrial Acc. Comm.*, 168 *Ore.* 74, 121 *P. 2d* 453 (*Sup. Ct.* 1942); *Employers' Mutual Liability Ins. Co. v. Empire Nat. Bank & Trust Co.*, 192 *Minn.* 398, 256 *N. W.* 663, 95 *A. L. R.* 250 (*Sup. Ct.* 1934).

The Appellate Division held that *N. J. S. A.* 34:15–12(e) was controlling and that it did not provide for the survival to the workman's personal representative of the accrued, but

unpaid, compensation due the workman at the time of his death. The statute in pertinent part provides:

"In case of the death of the person from any cause other than the accident or occupational disease, during the period of payments for permanent injury, the remaining payments shall be paid to such of his or her dependents as are included in the provisions of said section 34:15–13 or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses * * *."

In the Appellate Division's view, "The rights created by this remedial legislation are intended to benefit the injured workman and his dependents, and to insure him a decent burial, if he has no dependents and dies before receiving the statutory payments." Thus, since Robinson left no dependents, "the statute limits recovery of the 'remaining amount due' to the item of $400 for funeral expenses." It concluded "Survival of the compensation right depends upon the statute and we are bound by the limitations therein." 71 *N. J. Super.*, at *p.* 254.

When our Workmen's Compensation Act was first adopted, *L.* 1911, *c.* 95, it contained no provision for the case where the employee died from a cause other than the accident during the period of payments for permanent injuries. Thus it was held in *Erie Railroad Co. v. Callaway, supra,* that where a workman, who was injured in 1912 and was receiving permanent disability payments, died from an unrelated cause, his widow was not entitled to receive any of the weekly payments accruing after his death. There was no dispute, however, that the right to the accrued payments due the workman during his lifetime survived his death. (The court further held that the 1913 amendment, discussed *infra,* could not be applied retroactively to an injury occurring in 1912).

Two years after the adoption of the 1911 act, the Legislature enacted an amendment in order to provide for the continuation of weekly payments to the dependents after the death of the workman from an unrelated cause during the period of payments for his permanent disability, and to pro-

vide for his funeral expenses if no dependents survived him. L. 1913, c. 174. With the exception of increasing the maximum funeral allowance from $100 to $400, this amendment in pertinent part remains substantially unchanged today. It is now N. J. S. A. 34:15-12(e), which we have quoted earlier in this opinion.

We believe the Appellate Division failed to appreciate that this amendment to the original Workmen's Compensation Act was not intended to affect the right of the workman himself, or his personal representative, to compensation payments which accrued and should have been paid to him while he was living. Rather, it was intended to create rights in the dependents to take effect upon the death of the workman, which they did not have under the original act.

The language of the amendment supports this conclusion. The reference to the workman's death "during the period of payments for permanent injury" implicitly presumes that the workman had been receiving all that was due to him up to the time of his death. On this premise, it follows that "remaining payments" and "remaining amount due" were intended to refer to that part of the award accruing after the workman's death.

The fact that the workman had neither received the compensation payments to which he was entitled during his lifetime, nor even had an award entered in his favor, does not alter this result. The law regards done what ought to be done, and will not permit those who are obligated and should have paid the compensation to obtain advantage of the fortuitous circumstance of the workman's death. *Parker v. Industrial Commission, supra;* see also, *Greenwood v. Luby, supra; Inman v. Meares, supra; Kozielec v. Mack Manufacturing Corp.,* 29 *N. J. Super.* 272 (*Cty. Ct.* 1953). Any other result would permit the employer or his insurance carrier to gain an undeserved windfall. Moreover, as stated in *King v. Western Electric Co.,* 122 *N. J. L.* 442, 450 (*Sup. Ct.* 1939), affirmed on opinion below, 124 *N. J. L.* 192 (*E. & A.* 1940) :

"Such a rule would put a premium upon delay in discharging the statutory obligation, and would not take into account the living and other expenses incurred by the injured employee in his lifetime."

See also, *Moore v. Magor Car Corp., supra; Coponi v. Federal Industries,* 31 *N. J.* 1 (1959).

Accordingly, we hold that the right to compensation payments which accrued but were not paid during Robinson's lifetime, survives to his estate in the event of his death.

Respondent makes the further point that the present petitioner has no standing to proceed with the decedent's compensation claim on the ground that *N. J. S.* 3A:6–6 gives her no right to engage in litigation. It contends that the statutory "authority 'to receive the personal assets of the intestate' pertains to known assets and not to litigation." However, petitioner's authority under the statute is not so narrow. *N. J. S.* 3A:6–6 provides in part:

"Upon executing the affidavit, and upon filing it and the consent [of the remaining next of kin], he shall have all the rights, powers and duties of an administrator duly appointed for the estate and, as such, may be sued and required to account as if he had been appointed administrator by the surrogate * * *."

It is undisputed that a duly appointed administrator would have standing to litigate the present claim. By virtue of the above statute, the present petitioner has an equal standing.

Respondent's last point is that the petitioner's authority to collect the assets of the decedent is limited to those assets stated in the affidavit, and in any event not more than $1,500, which it asserts the claim may exceed. It further notes that the only asset listed in petitioner's affidavit is a claim for $400, and to allow her to collect more would circumvent the statutory requirement of the consent of the other next of kin. However, the respondent lacks standing to raise these questions, since it can in no way be affected by their resolution. Its only proper concern is that it be relieved of its duty through payment of the award. Under *N. J. S.* 3A:6–7, the respondent will be forever discharged

of its obligation to Robinson's estate by payment to the present petitioner, "notwithstanding that the total value of the real and personal assets does in fact exceed $1,500.00 or that the statements in the affidavit are erroneous or that the consent required by section 3A:6-6 has not been obtained." We conclude that the petitioner, as the only representative of Robinson's estate at the present time, may litigate the claim to its conclusion.

The judgment of the Appellate Division is reversed and the matter is remanded to the Division to determine the amount of the award which Robinson would have been entitled to receive had he lived. The amount of such award which represents compensation which accrued up to the date of Robinson's death shall be paid to the petitioner in a lump sum. If any amount of the award remains, thus representing payments which would accrue after his death, then that amount, up to the maximum of $400, shall also be paid to the petitioner for funeral expenses.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.