## Malcolm Mayo v. State of Vermont

[415 A.2d 1061]

No. 272-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

*Richard E. Davis* and *Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Thomas R. Viall*, Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** Appellant, Malcolm Mayo, brought suit against the State of Vermont for legal expenses incurred in the defense of impeachment proceedings against him, then Sheriff of Washington County, in the legislature. The Senate acquitted Mayo of these charges on June 2, 1976. At trial, both sides moved for summary judgment, and the court granted such judgment to the defendant State upon the ground that the statutes relied upon, 3 V.S.A. § 1101 et seq., have no application to impeachment proceedings. We agree, and affirm.

3 V.S.A. § 1101(a), enacted in 1972, then read:

§ 1101. Obligation of state to defend employees; definition

(a) In any *action or suit* against a state employee for alleged damage, injury, loss or deprivation of rights arising from an act or omission to act in the performance of the employee's official duties, other than an action or suit resulting from the operation of a motor vehicle or the service of civil process, it shall be the obligation of the state to defend the action or suit on behalf of the em-

ployee and to provide legal representation for that purpose at state expense, except to the extent that such representation is provided by an insurance carrier. (Emphasis added.)

Subsequent provisions make clear that a sheriff is an included employee, and provide for notice to the attorney general, preliminary determination of eligibility by him, and defense by him or other legal representation authorized by him, upon terms approved by him.

As the trial court correctly concluded, the statutory terms "action or suit" do not, in their plain meaning, encompass an impeachment proceeding. At most quasi-judicial in nature, it is a constitutionally established procedure before the legislature, which has sole power in this respect. Vt. Const., Ch. II, § 58. The judgment rendered extends only to removal from office and future disqualification. This is not a "suit" or an "action," which terms connote the demand of a right in a court of justice, or in some tribunal as a condition precedent to giving a court jurisdiction of the subject matter. *Herald & Globe Association v. Clere Clothing Co.*, 86 Vt. 141, 147, 84 A. 23, 26 (1912). Neither is it based upon alleged damage, injury, loss or deprivation of rights, as required by the statute.

We do not reach the State's claim that the required statutory notice was not given to the attorney general. The record before us does not present that question, as dismissal was in effect upon the pleadings, though not so denominated.

*Judgment affirmed.*