**VERMONT ACCIDENT INSURANCE COMPANY and Green Mountain Insurance Company v. Angela M. and Suzanne A. HOWLAND**

[648 A.2d 819]

No. 92-145

March 10, 1993. This case concerns the validity of an underinsured motorist policy provision excluding coverage while an insured is occupying a vehicle not covered by the policy. The trial court granted summary judgment to plaintiffs, who concede that, with respect to this issue, this case is legally indistinguishable from *Monteith v. Jefferson Insurance Co.*, 159 Vt. 378, 618 A.2d 488 (1992), and that application of *Monteith* would require reversal. They argue, however, that *Monteith* should be overruled or not applied here.

Plaintiffs' argument for overruling *Monteith* is based first on their view that the decision is inconsistent with that of *Cooperative Fire Insurance Association v. Gray*, 157 Vt. 380, 599 A.2d 360 (1991). In *Gray*, this Court was required to decide whether an automobile liability policy covered a claim that the insureds had negligently entrusted a vehicle to their son. We held that it did not cover this claim because the policy contained an exclusion for vehicles owned by a family member but not listed in the policy, and that an exception to the exclusion did not apply. No claim was made that the exclusion violated the statutory requirements for automobile liability insurance. Justice Dooley filed a concurring opinion, noting the absence of such a claim by the insureds, but suggesting that "there is a serious question whether the result comports with the statutory insurance requirements" to be explored in the appropriate case. *Id.* at 385, 599 A.2d at 363. Thus, even if *Gray* had involved underinsured motorist coverage, that case is not inconsistent with *Monteith* because it never considered the validity of the

---

relevant policy provision. Moreover, the concurring opinion should have alerted attorneys and litigants that there was a serious statutory compli-. ance question, at least with respect to liability insurance.

Plaintiffs' second argument for overruling *Monteith* focuses on the decisions of other jurisdictions that were cited in *Monteith* to support its holding. They claim that many of the decisions on which that case relied have been overruled, and that the Court failed to consider other decisions that are inconsistent with its opinion. Regarding the latter point, we acknowledged in *Monteith* that the decisions from other states on the validity of the type of exclusion at issue are divided. 159 Vt. at 382, 618 A.2d at 490. Such division is not particularly unusual and does not denigrate our holding. We also note that the result in some of the cases cited in *Monteith* has been superseded by later statutory amendments. That fact says nothing about the validity of *Monteith's* analysis of the existing statute. It does show, however, that plaintiffs are free to seek legislative action to change the statute on which *Monteith* relies.

Finally, plaintiffs argue that *Monteith* should be applied only prospectively. In civil cases, we will apply a ruling prospectively only if (1) we overrule past precedent or decide "an issue of first impression whose resolution was not clearly foreshadowed," and (2) retroactive application would be inequitable. *Solomon v. Atlantis Development, Inc.*, 145 Vt. 70, 74, 483 A.2d 253, 256 (1984) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106 (1971)). As *Monteith* discusses, its analysis was foreshadowed by *Sanders v. St. Paul Mercury Insurance Co.*, 148 Vt. 496,

498–99, 536 A.2d 914, 915–16 (1987). Moreover, we do not believe it would be inequitable to apply *Monteith* to events that occurred prior to that decision.

The decision to grant plaintiffs' motion for summary judgment, and to deny defendants' motion, was in error.

*Reversed and remanded for proceedings not inconsistent with this order.*