### Brian R. MARSICOVETERE v. DEPARTMENT OF MOTOR VEHICLES

[772 A.2d 540]

No. 99-477

April 12, 2001. Appellant Brian Marsicovetere appeals a denial of a refund of the motor vehicle purchase and

use tax he paid under 32 V.S.A. § 8903(b). The denial was made because his request for a refund came after the statute of limitations had tolled under 12 V.S.A. § 517. The superior court granted the State's summary judgment motion, concluding that 12 V.S.A. § 517 did apply and barred the refund at the time appellant had made his request. Appellant argues the statute does not apply to administrative proceedings conducted by the Department of Motor Vehicles (DMV) and, even if it did, the statute of limitations should be applied prospectively. We affirm.

On August 5, 1997, appellant registered his vehicle at the DMV in Vermont. He paid $631.75 purchase and use tax pursuant to 32 V.S.A. § 8903(b). On September 23, 1998, appellant requested a refund because sales tax on the vehicle had been previously paid to a state other than Vermont. A taxpayer may recoup any sales tax paid to Vermont, provided the taxpayer can show adequate proof that he has already paid sales tax to another state that is equal to or greater than that paid in Vermont. *Id.* § 8914; see also *id.* § 8911(9). Appellant requested the refund one year, one month and eighteen days after the vehicle was registered. The DMV denied the refund on September 25, 1998 because the appellant did not provide enough information to determine how much out-of-state sales tax had been paid. Appellant appealed the decision, and a hearing was conducted on October 27, 1998. Although appellant submitted the correct information at the hearing, showing he had paid $1,468.46 in sales tax to New York, the hearing examiner denied the refund of $631.75. The basis for the second denial was that the request was outside the one year statute of limitations period provided for under 12 V.S.A. § 517.

Appellant appealed to the superior court, which heard his case in September 1999. The court concluded that 12 V.S.A. § 517 did apply to the vehicle purchase and use tax. Section 517 states: "An action to recover money paid under protest for taxes shall be commenced within one year after the cause of action accrues, and not after." The court found that § 517 governed administrative proceedings by the Agency of Transportation that arise when a taxpayer has paid a tax under protest. The court noted that provisions of a general statute of limitations may apply to administrative proceedings. Further, the court agreed with the hearing examiner's finding that the statute of limitations began to run once the taxpayer had the right to bring an action, which in this case followed the payment of the tax on August 5, 1997.

Appellant argues that the one year statute of limitations under 12 V.S.A. § 517 should not be applied to the purchase and use tax refund statute, 32 V.S.A. § 8914. He points out that the language of the refund statute does not refer to a statute of limitations. It states that "[a]ny overpayment of [the motor vehicle purchase and use] tax as determined by the commissioner shall be refunded." 32 V.S.A. § 8914. In the absence of a specifically designated period, appellant claims, it is unfair to apply § 517 because taxpayers have not been given adequate notice that their claims to a refund are time-barred. Appellant supports his argument by pointing to other statutes that designate specific periods after which a refund is precluded, e.g., 32 V.S.A. § 9245 (meals and rooms tax; three year period); *id.* § 7488(a) (estate and gift taxes; three year period); *id.* § 5292(a) (assessment and collection; 2 month period from specific date). He contends that because these statutes have time limits embodied in the language of the statutes, and § 8914 omits such language, the Legislature, therefore, did not intend the refund statute to contain a specific limit.

We cannot agree with this analysis. As the State argues in response, the presence of specific limitations in selected

statutes compared to the omission of one in the refund statute, § 8914, does not demonstrate an affirmative decision by the Legislature to make purchase and use refunds available at any time. The State cites several tax statutes that similarly do not include specific statutes of limitation on refunds or claims. See, e.g., 32 V.S.A. § 7819 (cigarettes and tobacco products); *id.* § 8101 (tax imposed on property, business or corporate franchises of railroad, steamboat, car companies, etc.); 30 V.S.A. § 22 (public service taxes). It argues that the Legislature understood that the limitations period in § 517 is the general rule, applicable to tax statutes unless a more or less restrictive time frame was made specifically applicable.

We find this reasoning compelling based on the legislative goal to curtail delayed requests for refunds beyond a reasonable period. This is especially true for the application of § 517 to refund claims from the purchase and use tax, 32 V.S.A. § 8903(b). Otherwise, the Legislature would not have mentioned § 517 when it passed remedial legislation providing for refunds under Act 223 of 1994.[1] The 1993-94 Legislature purposely exempted refunds between August 31, 1980 and December 31, 1995 from § 517, stating "Notwithstanding the provisions of 12 V.S.A. § 517, any tax collected under 32 V.S.A. chapter 219 . . . shall be refunded by the commissioner of motor vehicles . . . ." 1993, No. 223 (Adj. Sess.), § 3. The direct reference to § 517 demonstrates that the Legislature was aware of the potential bar to refund claims posed by § 517 during the period of 1980-1995. Thus, it acted to prevent the application of § 517 to that specific

time period. It is reasonable to conclude that the Legislature was aware that claims filed after 1995 would be subject to the general statute of limitations in § 517.

Appellant next argues that if § 517 applies, then the use of the term "action" in the statute indicates that the commencement of a court action is required to toll the one year statute and not an administrative proceeding by the DMV. We find that where § 517 states "[a]n action to recover money paid under protest for taxes," the term "action" applies equally to DMV administrative proceedings and court actions. Under the laws relating to motor vehicles, an aggrieved taxpayer may not bring an action directly to the superior court because it does not have jurisdiction over the claim at that point. 23 V.S.A. § 105(b). As a condition precedent, a taxpayer must exhaust all remedies before appealing to the superior court to have a DMV decision reviewed. See *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("Exhaustion [of administrative remedies] is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."); *In re D.A. Assocs.*, 150 Vt. 18, 20, 547 A.2d 1325, 1326 (1988) ("when an administrative remedy is established by statute or regulation, relief must not only be sought in accordance therewith, but must first be exhausted before recourse to the courts is available"). Further, this Court has held that the terms "action" and "suit" "connote the demand of a right in a court of justice, or in some tribunal as a condition precedent to giving a court jurisdiction of the subject matter." *Mayo v. State*, 138 Vt. 419, 420, 415 A.2d 1061, 1062 (1980). We therefore hold that the

---

[1] This act was passed in response to this Court's holding in *Williams v. State*, 156 Vt. 42, 53-55, 589 A.2d 840, 847 (1990), which concerned the application of 32 V.S.A. § 8903(b) and § 8914.

term "action" does apply to administrative proceedings, including a hearing before the DMV. In this case, the first opportunity appellant had to initiate "[a]n action to recover money" was immediately following the payment of the tax bill on August 5, 1997. That right expired one year later on August 5, 1998.

Finally appellant urges the Court to apply the one year statute of limitations under § 517 prospectively to his case because the DMV has not adequately informed taxpayers that claims are time-barred. The general rule is that judicial decisions are applied retrospectively. *American Trucking Ass'ns, Inc. v. Conway*, 152 Vt. 363, 378, 566 A.2d 1323, 1332 (1989).[2] "In civil cases, we will apply a ruling prospectively only if (1) we overrule past precedent or decide an issue of first impression whose resolution was not clearly foreshadowed, and (2) retroactive application would be inequitable." *Vermont Accident Ins. Co. v. Howland*, 160 Vt. 611, 612, 648 A.2d 819, 820 (1993) (mem.) (internal quotations omitted). We decline to apply our holding prospectively here because the effect would be too broad. Section 517 has been in effect since 1884 and, as the State rightly forewarns, a prospective ruling would effectively overrule its legislative purpose. Statutes of limitation provide prac-

tical utility as we described in *Investment Properties, Inc. v. Lyttle*, 169 Vt. 487, 492, 739 A.2d 1222, 1226-27 (1999): "The time limits represent a balance, affording the opportunity to plaintiffs to develop and present a claim while protecting the legitimate interests of defendants in timely assertion of that claim." A prospective ruling on these facts would set a precedent under which virtually every initial challenge to a statute of limitations would be eligible for prospective application.

In addition, while we recognize that a financial loss represents a hardship, the amount in dispute in this case is relatively small. Balanced against the availability of remedies through the DMV's administrative proceedings and the fact that a refund can be requested up to one year from the payment of the tax, retroactive application of § 517 is appropriate. Such application will not result in substantially inequitable treatment. Paradoxically, as the State has conceded, the appellant might have received a refund when he first requested it on September 23, 1998, had he provided the DMV with proper information regarding the sales tax. Unfortunately for the appellant, upon the request for an administrative hearing, a more searching review ascertained that § 517 provided a one year limitation to refund requests. Because we find that § 517 properly applies to refund requests under 32 V.S.A. § 8914, we conclude that appellant's request fell outside the statute of limitations.

*Affirmed.*

---

[2] Our decision in *American Trucking* was based on the United States Supreme Court decision in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971). The analysis of retroactivity in *Chevron* has since been abandoned, in part, by *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97-99 (1993), which held that retroactivity should not depend on the particular equities of individual claims. Eliminating the hardship analysis, however, only strengthens our decision here that prospective application of § 517 is inappropriate. See *LaFaso v. Patrissi*, 161 Vt. 46, 57-59, 633 A.2d 695, 701-02 (1993).